**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-60474-MIDDLEBROOKS/AUGUSTIN-BIRCH**

**CARLOS MANUEL SANCHEZ-SILVA,**

      **Petitioner,**

**v.**

**MITCHELL DIAZ,** *et al.*,

      **Respondents.**

_____/

**REPORT AND RECOMMENDATION TO**
**TRANSFER CASE TO THE MIDDLE DISTRICT OF FLORIDA**

This cause comes before the Court on Petitioner Carlos Manuel Sanchez-Silva's Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 4.

Petitioner contends that he is detained at the Glades County Detention Center and that his detention is unlawful. DE 1 ¶¶ 5, 21, 29. Glades County is within the Fort Myers Division of the Middle District of Florida. 28 U.S.C. § 89(b); M.D. Fla. L.R. 1.04(a). Because Petitioner is detained within the Middle District of Florida, Respondents maintain that this Court in the Southern District of Florida lacks jurisdiction to adjudicate the Petition. DE 6 at 3–5. Respondents ask that the Court either dismiss the Petition for lack of jurisdiction or transfer it to the Middle District of Florida. Petitioner did not file a reply to address Respondents' request.

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). When a § 2241 habeas petitioner challenges his present physical custody

within the United States, he should file the petition in the district of confinement.  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).   For "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *Id.* at 443.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

As Petitioner is confined within the Middle District of Florida, jurisdiction to adjudicate his Petition lies in that District.  The Court therefore **RECOMMENDS** that this case be transferred to the Middle District of Florida, Fort Myers Division.

While a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), this case warrants a shorter objection period.  Within **seven days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 12th day of March, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE